UNITED STATES of America, Plaintiff–Appellee,

v.

Austin J. SHELTON, aka "Sonny" Shelton, Defendant–Appellant.

No. 05–10275.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Andrea Limmer, U.S. Department of Justice, Antitrust Division, Appellate Section, Washington, DC, for Plaintiff–Appellee.

G. Patrick Civille, Teker Civille Torres Calvo & Tang, PLLC, Hagatna, GU, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM**

Austin J. Shelton appeals from the 100–month sentence imposed upon remand from this court. He was convicted by a

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

jury of wire fraud, in violation of 18 U.S.C. § 1343, bribery, in violation of 18 U.S.C. § 666(a)(1)(B), conspiracy to restrain trade, in violation of 15 U.S.C. § 3 and 18 U.S.C. § 2, and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Shelton contends that the district court should have used a higher standard of proof when imposing the sentencing enhancements for leadership role and obstruction of justice. We conclude that, looking at the totality of the circumstances, the sentencing enhancements did not have a disproportionate impact on the sentence. *See United States v. Jordan,* 256 F.3d 922, 928 (9th Cir.2001); *see also United States v. Peyton,* 353 F.3d 1080, 1089 (9th Cir.2003); *United States v. Johansson,* 249 F.3d 848, 855–56 (9th Cir. 2001).

The district court did not err by finding that Shelton played a leadership role in all aspects of the scheme, which foreseeably involved more than five people in total. *See United States v. Riley,* 335 F.3d 919, 929 (9th Cir.2003). Further, the evidence showed Shelton exerted a leadership role by initiating and steering the various aspects of the scheme. *See* U.S.S.G. § 3B1.1, cmt. n. 4.

Finally, the district court did not clearly err in finding that Shelton obstructed justice. *See* U.S.S.G. § 3C1.1, cmt. n. 3(d) (explaining that directing another person to conceal evidence material to an official investigation constitutes obstruction of justice); *United States v. Dota,* 33 F.3d 1179, 1190 (9th Cir.1994) (concluding that "a

courts of this circuit except as provided by 9th Cir. R. 36–3.

broad range of conduct can constitute obstruction of justice").

AFFIRMED.